UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

BLACKSTONE INTERNATIONAL, LTD., a Maryland corporation,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendant.

CASE NO. 20-cv-964

**COMPLAINT**

**JURY DEMAND**

Plaintiff Blackstone International, Ltd. ("Blackstone"), for causes of action against defendant Costco Wholesale Corporation ("Costco"), alleges as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment and injunction to stay and enjoin an arbitration proceeding that was wrongfully initiated by Costco, as well as for copyright infringement, violations of the Lanham Act, unfair competition, and violation of the Washington Consumer Protection Act.

## PARTIES

2. Plaintiff Blackstone is a Maryland corporation with its principal place of business in Windsor Mill, Maryland.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

3. Defendant Costco is a Washington corporation with its principal place of business in Issaquah, Washington.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment and further relief), and 28 U.S.C.A. § 1338 (copyrights and Lanham Act), and subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) (related unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction). Pursuant to 28 U.S.C. § 1332, this Court also has subject matter jurisdiction because there is complete diversity of citizenship between Blackstone and Costco, and the amount in controversy exceeds $75,000. In addition, this Court has jurisdiction over requests for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Costco because Costco is a Washington Corporation and transacts business in Washington.

6. Venue in this Court is proper pursuant to, *inter alia*, 28 U.S.C. § 1391(b) because Costco resides in this judicial district.

## STATEMENT OF FACTS

7. Founded more than two decades ago, Blackstone designs and markets affordable consumer goods for sale to major national and international retailers.

8. Blackstone has carefully cultivated its successful brand and reputation in the industry.

9. Blackstone owns and has developed federally registered and common law intellectual property, including copyright protection and trade dress rights, in connection with (among other intellectual property) the design elements, packaging, and package inserts related to Blackstone's products.

10. Blackstone's intellectual property was created through extensive time, effort, and expense marketing and developing Blackstone's products.

COMPLAINT - 2

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

11. For example, Blackstone designed a 40" tall, variable speed, oscillating, and slim tower fan with a remote control (the "Blackstone Tower Fan").

12. Blackstone designed the Blackstone Tower Fan, manuals, packaging, and related materials, and uses third party manufacturers, including certain factories in China to manufacture the Blackstone Tower Fan for sale to retailers and other outlets.

13. Blackstone has the sole right to supply certain products that embody Blackstone's intellectual property, including the Blackstone Tower Fan.

14. Among other intellectual property, Blackstone owns trade dress and copyright protection for the packaging and manuals, as well as trade dress protection for the overall design, the louver system, grill, arched top form, control panel layout, control panel and icons, logo application, fit, and finish of the Blackstone Tower Fan.

15. Blackstone also owns trade dress protection for the remote-control design including the "circle and cross" layout, control icons, and logo application.

16. Blackstone has also timely registered for copyright protection of the manuals associated with its Blackstone Tower Fan. Specifically, the manuals associated with Blackstone's Tower Fan have been filed for copyright registration with the United States Copyright Office with Registration Nos. TX0008690544, TX0008696259, and TXu002132551 (collectively, the "Copyrighted Works").

17. On information and belief, products are being imported by or on behalf of Costco for retail sale in Costco's warehouse clubs bearing the name "Sierra Tower Fan." Costco's importation and/or sale of the Sierra Tower Fan and the enclosed user manual infringe Blackstone's intellectual property, including Blackstone's copyrights, trade dress, and design protection. Costco has no right to use Blackstone's intellectual property except with Blackstone's express written consent or agreement, which Blackstone has not granted to Costco for the Sierra Tower Fan.

18. For example, in comparing the Blackstone Tower Fan to the Sierra Tower Fan, Costco has captured the distinctive, non-functional features of the Blackstone Tower Fan, which

COMPLAINT - 3

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1  creates (and has, in fact, already created) a likelihood of confusion between the Blackstone Tower
2  Fan and Sierra Tower Fan.
3      19.    Indeed, Costco's copying of Blackstone's design is easily apparent from a simple
4  comparison of the tower fans as depicted below:

  

    Blackstone Cascade Fan    Blackstone Sunter Fan    Sierra Fan

    20.    Costco's copying of the Blackstone Tower Fan and their distinctive design elements is creating both the likelihood of confusion and actual confusion in the marketplace. In fact, Blackstone has received numerous consumer complaints and requests for product replacement from consumers who contacted Blackstone's customer service email and/or phone number believing that the Sierra Tower Fan sold by Costco are actually the Blackstone Tower Fan.

    21.    In addition, the manuals associated with the Sierra Tower Fan copy, in significant part, directly from the Copyrighted Works. For example, text and images contained in the Copyrighted Works are the same and/or substantially similar as the manuals associated with the Sierra Tower Fan.

COMPLAINT - 4

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

22. Costco was previously made aware of Blackstone's copyrights to the Copyrighted Works.

23. In addition, on April 23, 2020, Blackstone sent Costco a cease and desist letter wherein Blackstone (*inter alia*) demanded that Costco "[c]ease and desist from all unauthorized use of the Blackstone Intellectual Property including, but not limited to, ceasing the manufacture, distribution, importation, sale, and/or sale for importation of the Sierra Tower Fan, Blackstone Personal Fan, the Blackstone Tower Fan, or any products confusingly similar to the Blackstone Products." Thus, Blackstone requested that Costco stop infringement concerning the Copyrighted Works and cease violation of the Lanham Act.

24. Costco has the power to cease distribution and/or sale of the Sierra Tower Fan, but has refused to cease the distribution and/or sale of the Sierra Tower Fan.

25. Rather than cease and desist, on or about June 11, 2020, Costco filed a purported "Demand for Arbitration" and "Arbitration Demand and Complaint" (collectively, the "Arbitration Demand") with the American Arbitration Association ("AAA").

26. The purported Arbitration Demand includes alleged "claims for relief" that are non-arbitrable, including because Blackstone is not a party to any valid arbitration agreement concerning the non-arbitrable claims. In fact, the vast majority of the alleged issues and/or purported claims described by Costco in its purported Arbitration Demand are non-arbitrable.

27. Moreover, although the purported Arbitration Demand names only Costco as the alleged "Claimant" and only Blackstone as the alleged "Respondent," the purported "Arbitration Demand" also references "E2 Limited ('E2')," "Zhejiang Mikia Lighting Co., Ltd ('Mikia')," "Collin Carpenter ('Carpenter')," and "Big Box Sales & Marketing, Inc. ('BBSM')." However, E2, Mikia, Carpenter, and BBSM are not a party to the arbitration, none of E2, Mikia, Carpenter, or BBSM have an arbitration agreement with Blackstone, and it is improper for Costco to include any dispute between Blackstone and E2, Mikia, Carpenter, and/or BBSM in the purported AAA arbitration proceeding wrongfully initiated by Costco.

COMPLAINT - 5

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

## FIRST CAUSE OF ACTION:
## DECLARATORY JUDGMENT

28. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

29. An actual, present controversy has arisen and now exists among the parties pertaining to, among other matters, the following:

(a) The scope of the purported arbitration agreements alleged by Costco.

(b) Whether Blackstone is not a party to any valid arbitration agreement concerning the non-arbitrable claims.

(c) Whether the non-arbitrable claims asserted by Costco in the purported AAA arbitration proceeding are not arbitrable.

(d) Whether Costco wrongfully initiated the purported AAA arbitration proceeding.

(e) Whether Costco's submission of the non-arbitrable claims to AAA is invalid.

(f) Whether the non-arbitrable claims asserted by Costco should be stayed, including pursuant to RCW 7.04A.070(2) and/or 9 U.S.C. § 4.

30. Accordingly, Blackstone is entitled to a Court order declaring that Blackstone is not a party to any valid arbitration agreement concerning the non-arbitrable claims, that the non-arbitrable claims are not arbitrable, that Costco wrongfully initiated the purported AAA arbitration proceeding, that Costco's submission of the non-arbitrable claims to AAA is invalid, and that the non-arbitrable claims asserted by Costco should be stayed and/or enjoined.

## SECOND CAUSE OF ACTION:
## INJUNCTION

31. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

32. Blackstone is not a party to any valid arbitration agreement concerning the non-arbitrable claims.

33. The non-arbitrable claims asserted by Costco in the purported AAA arbitration proceeding are not arbitrable.

COMPLAINT - 6

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

34. Costco wrongfully initiated the purported AAA arbitration proceeding.

35. Costco's submission of the non-arbitrable claims to AAA is invalid.

36. The non-arbitrable claims asserted by Costco should be stayed, including pursuant to RCW 7.04A.070(2).

37. Accordingly, Blackstone is entitled to a temporary, preliminary, and/or permanent injunction prohibiting Costco from pursing any non-arbitrable claims in arbitration, including the purported AAA arbitration proceeding that was wrongfully initiated by Costco, including pursuant to 28 U.S.C. §§ 2201 and 2202.

## THIRD CAUSE OF ACTION: COPYRIGHT INFRINGMENT

38. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

39. Blackstone is the rightsholder to the copyrights of Copyrighted Works, which consist of original material that constitutes copyrightable subject matter under the laws of the United States.

40. Blackstone has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, including timely registering the copyrights of Copyrighted Works with the United States Copyright Office, Registration Nos. TX0008690544, TX0008696259, and TXu002132551.

41. Costco has directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Blackstone's copyrights, by reproducing, displaying, distributing and utilizing the Copyrighted Works for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

42. Costco has willfully infringed on the Copyrighted Works by knowingly reproducing, displaying, distributing, and/or utilizing the Copyrighted Works for purposes of trade, and/or materially contributed the infringing conduct with respect to the Copyrighted Works.

43. Costco's willful infringing conduct has disregarded Blackstone's rights. Costco's

COMPLAINT - 7

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

acts of infringement are willful because, *inter alia*, Costco can cease distribution and/or sale of the Sierra Tower Fan.

44. As a direct and proximate result of the foregoing acts, Blackstone has been and will continue to be harmed. Under 17 U.S.C. § 504(b), Blackstone is entitled to its actual damages, including any and all of Costco's profits attributable to its wrongful conduct, or statutory damages under 17 U.S.C. § 504(c). Blackstone is also entitled to its costs, including reasonable attorney fees, under 17 U.S.C. § 505.

45. Blackstone also seeks and is entitled to an order under 17 U.S.C. § 502 enjoining Costco from any further infringement of Blackstone's copyrights.

## FOURTH CAUSE OF ACTION: VIOLATION OF LANHAM ACT

46. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

47. Blackstone's trade dress in the Blackstone Tower Fan is non-functional within the meaning of the Lanham Act.

48. Costco's unauthorized use of Blackstone's intellectual property is injurious to Blackstone, including lost sales, confusion as to the source of the infringing products, and an improper association with Blackstone that serves to dilute the goodwill that Blackstone has developed in the market.

49. By Costco's unauthorized use of Blackstone's intellectual property, Costco as falsely designated the origin of its products, and competed unfairly with Blackstone, Costco's actions described herein constitute a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact that has caused and is likely to continue to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Blackstone with Costco's products, or as to the origin, sponsorship, endorsement, or approval of Costco's goods, services, or commercial activities, and/or dilution of the distinctive quality of Blackstone's intellectual property, all in violation of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT - 8

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

50. On information and belief, Costco's acts of trade dress infringement, false designation of origin, and unfair competition have been done willfully and deliberately, and Costco has profited and been unjustly enriched by sales that Costco would not otherwise have made but for Costco's unlawful conduct.

51. Blackstone is entitled to damages, extraordinary damages, Costco's profits, and attorneys' fees and costs pursuant to 15 U.S.C. § 1117, in an amount to be determined at trial.

52. In addition, Costco's actions with respect to Blackstone's intellectual property have caused, and, unless restrained by this Court, will continue to cause, serious and irreparable harm, for which there is no adequate remedy at law, entitling Blackstone to injunctive relief.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

53. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

54. Costco's wrongful acts wrongful acts constitute unfair methods of competition and unfair and deceptive acts and practices occurring in commerce, in violation of the Washington Consumer Protection Act, RCW § 19.86, *et seq*.

55. Defendants' wrongful acts have caused and are likely to continue to cause confusion, mistake, and deception among consumers, and the public, including existing and potential customers, as to the source, origin, and/or affiliation of the Sierra Tower Fan.

56. Costco's wrongful acts have the capacity to deceive a substantial portion of the public.

57. Costco's wrongful acts have caused and are likely to continue to cause confusion, mistake, and deception, thereby both impacting the public interest and injuring Blackstone's business and reputation.

58. As a direct, proximate, and foreseeable result of Costco's unfair methods of

COMPLAINT - 9

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

competition and unfair and deceptive acts and practices, Costco has been unjustly enriched and Blackstone been injured and has suffered substantial damages, in an amount to be proven at trial, including treble damages and reasonable attorney's fees and costs under RCW § 19.86.090.

59. Unless the foregoing alleged actions of Costco are enjoined, Blackstone will continue to suffer injury and damage. Accordingly, Blackstone should also be awarded preliminary and permanent injunctive relief, treble damages, and costs, including reasonable attorneys' fees, under RCW § 19.86.090 and RCW § 7.40.020.

## SIXTH CAUSE OF ACTION: COMMON LAW UNFAIR COMPETITION

60. Blackstone re-alleges and incorporates by reference each of the allegations in the above paragraphs.

61. The actions of Costco described herein constitute common law unfair competition.

62. As a direct, proximate result, and foreseeable result of Costco's misconduct, Blackstone has suffered irreparable harm to its business and reputation, and other damages in an amount to be proven at trial, and is also entitled to injunctive relief.

## DEMAND FOR JURY TRIAL

63. Pursuant to Fed. R. Civ. P. 38, Blackstone demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

Wherefore, Blackstone prays for relief as follows:

A. For a declaratory judgment determining that Blackstone is not a party to any valid arbitration agreement concerning the non-arbitrable claims, and declaring that the non-arbitrable claims are not arbitrable, that Costco wrongfully initiated the purported AAA arbitration proceeding, that Costco's submission of the non-arbitrable claims to AAA is invalid, and that the non-arbitrable claims asserted by Costco should be stayed.

COMPLAINT - 10

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1        B.    For an injunction prohibiting Costco from pursing any non-arbitrable claims in arbitration, including the purported AAA arbitration proceeding that was wrongfully initiated by Costco.

     C.    For judgment against Costco and an award of all compensatory damages allowed by law, in an amount to be proven at trial;

     D.    For damages resulting from Costco's infringement of Blackstone's copyrights, unfair competition under the Lanham Act, violation of the CPA, and common law unfair competition, the exact amount of which will be determined at trial;

     E.    For enhanced and/or treble damages, as permitted by 15 U.S.C. § 1117 and RCW § 19.86.090.

     F.    For an accounting and award to Blackstone and against Costco of all Costco's profits, gains or unjust enrichment, including future profits, in an amount to be proven at trial;

     G.    For an award of Blackstone's costs and reasonable attorney fees incurred in bringing this action pursuant to any applicable provision of law, including pursuant to 15 U.S.C. § 1117 and RCW § 19.86.090

     H.    For an award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

     I.    For injunctive relief prohibiting Costco from the manufacture, distribution, importation, sale, and/or sale for importation of the Sierra Tower Fan;

     J.    For leave to amend this Complaint as necessary; and

     K.    For such other and further relief as the Court may deem just and proper.

COMPLAINT - 11

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

| | | |
|---|---|---|
| 1 | Date: June 22, 2020 | Respectfully submitted, |
| 2 | | **GOLDFARB & HUCK ROTH RIOJAS, PLLC** |
| 3 | | |
| 4 | | */s/ Christopher M. Huck*_____<br>Christopher M. Huck, WSBA No. 34104<br>(huck@goldfarb-huck.com) |
| 5 | | */s/ Kit W. Roth*_____ |
| 6 | | Kit W. Roth, WSBA No. 33059<br>(roth@goldfarb-huck.com) |
| 7 | | */s/ R. Omar Riojas*_____<br>R. Omar Riojas, WSBA No. 35400 |
| 8 | | (riojas@goldfarb-huck.com) |

925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Phone: (206) 452-0260
Fax: (206) 397-3062


Paul R. Gieri (*pro hac vice* to be filed)
(paul.gieri@prgierillc.com)
**P.R. GIERI LLC**
6701 Democracy Blvd Suite 300
Bethesda, Maryland  20817
Phone: (860) 235-6314


**Attorneys for Plaintiff
Blackstone International, Ltd.**

COMPLAINT - 12

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260